1   RAYMOND O. AGHAIAN (SBN 218294)
    JASON A. ORR (SBN 301764)
2   **BAKER & HOSTETLER LLP**
    1900 Avenue of the Stars, Suite 2700
3   Los Angeles, CA 90067-4301
    Telephone:    310.820.8800
4   Facsimile:    310.820.8859
    Email:        *raghaian@bakerlaw.com*
5                 *jorr@bakerlaw.com*

6   *Attorneys for Defendant,*
    ALBANY MED HEALTH SYSTEM
7

8                **UNITED STATES DISTRICT COURT**

9                **NORTHERN DISTRICT OF CALIFORNIA**

10                     **SAN JOSE DIVISION**

11  VALETTA MCENTYRE and GAYLA          Case No.: 5:25-cv-10483-NW
    SCHNITZER, on behalf of themselves, all
12  others similarly situation, and the general   *[Assigned to Hon. Noël Wise]*
    public
13                                       **DEFENDANT ALBANY MED HEALTH**
                    Plaintiffs,          **SYSTEM'S MOTION TO SEVER**
14
         v.                              *[Filed concurrently with [Proposed] Order*
15                                       *Granting Defendant Albany Med Health*
    GOOGLE LLC and ALBANY MED            *System's Motion to Sever.]*
16  HEALTH SYSTEM,
                                         **Hearing Information:**
17                  Defendants.
                                         **Date: May 27, 2026**
18                                       **Time: 9:00 A.M.**

19                                       Action Filed: December 5, 2025

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2        NOTICE IS HEREBY GIVEN that Albany Med Health System ("Albany Med") hereby

3    moves the Court for an Order severing the claims against Albany Med Health System from claims

4    against Google LLC ("Google").

5        This Motion is based on this Notice of Motion, the following Memorandum of Points and

6    Authorities, the pleadings and papers on file herein.

7

8                        **STATEMENT OF REQUESTED RELIEF**

        Albany Med seeks an order severing the claims against Albany Med from claims against
9
    Google pursuant to Federal Rule of Civil Procedure 21.
10

11                        **STATEMENT OF THE ISSUES**

12        Whether it is proper to sever the Albany Med claims from claims against Google under

13    Federal Rule of Civil Procedure 21.

14
    Dated: February 10, 2026                **BAKER & HOSTETLER LLP**
15

16

17    By: _____
            RAYMOND O. AGHAIAN
18
            *Attorneys for Defendant,*
19          ALBANY MED HEALTH SYSTEM

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT ALBANY MED HEALTH SYSTEM'S MOTION TO SEVER
Case No.: 5:25-cv-10483-NW

1

2                  **MEMORANDUM OF POINTS AND AUTHORITIES**

3    **I.      INTRODUCTION**

4          Plaintiffs bring separate claims against Defendant Albany Med Health System ("Albany

5    Med") and Defendant Google LLC ("Google") arising from alleged violations of privacy

6    effectuated by Google through Albany Med's use of Google-developed website cookies on its

7    Website. Although Plaintiffs lump Google and Albany Med together in the same Complaint, their

8    claims against Albany Med are distinct from their claims against Google: they involve different

9    elements of different causes of action that call for different proof based on different facts. Joinder

10   of these claims against Albany Med with Plaintiffs' claims against Google is improper, prejudicial

11   against Albany Med, and inefficient in its use of party and judicial resources. This Court should

12   sever Plaintiffs' claims against Albany Med so that they can be appropriately adjudicated in a

13   separate proceeding.[1]

14   **II.     BACKGROUND**

15         Albany Med is a New York nonprofit based in Albany that operates a health system for

16   patients in upstate New York and western New England. Compl. ¶ 10. Albany Med's patients can

17   use the website albanymed.org (the "Website") to schedule appointments, find doctors, and find

18   information related to the healthcare services that Albany Med offers its patients. *See id.* ¶¶ 10–12.

19   The Website uses cookies to enhance its functionality and provide analytics to Albany Med, and

20   the Website discloses the use of cookies to all users when they visit the site. *Id.* ¶ 19. Like countless

21   other websites, Albany Med's Website uses free, "off the shelf" analytics tools developed by co-

22   defendant Google. *See id.* ¶¶ 28–29.

23         Plaintiffs allege that these Google Analytics cookies caused their devices to transmit

24   personally identifiable information ("PII") and protected health information ("PHI") to Google, and

25   that Google "uses the information" obtained through its analytics tools "to identify specific

26   consumers, track their online activity, and monetize it in the form of targeted advertising." *Id.* ¶¶ 1,

27

28   ―――――――――――――――
     [1] By filing this Motion, Albany Med does not consent to the jurisdiction of the Northern District of California, and
     expressly reserves the right to challenge personal jurisdiction at the appropriate time.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

42. Although Plaintiffs do not allege that Albany Med is *directly* sending any PII or PHI to Google, they allege that Albany Med "allowed" Google to surreptitiously collect this information from website visitors without their consent through the operation of website cookies. *Id.* ¶¶ 1, 28 & n.1. For its part, Google is alleged to combine data received through cookies related to Albany Med's Website with other data received through countless other websites and Google's own applications such as YouTube or Gmail. *Id.* ¶ 30.

Plaintiffs bring seven causes of action: three against Google and five against Albany Med. *Id.* ¶¶ 93–149. Plaintiffs' first (ECPA) and third (intrusion upon seclusion) causes of action are against Google only. Plaintiffs' second (ECPA), fourth (GBL § 349), fifth (negligence), and sixth (breach of contract) causes of action are against Albany Med only. The only cause of action that is brought jointly against Google and Albany Med is a vague and perfunctory claim of unjust enrichment. *See id.* ¶¶ 145–49.

### III.    LEGAL STANDARD

A court may "sever any claim against a party." Fed. R. Civ. P. 21. "Severed claims and parties become independent actions that have separate judgments." *Lam Research Corp. v. Flamm*, No. 15-CV-01277-BLF, 2016 WL 1237831, at *2 (N.D. Cal. Mar. 30, 2016) (internal citation omitted). The Court has broad discretion to sever claims and issues and may do so *sua sponte*. *Id.*

"[Rule 21] authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons." *Khanna v. State Bar of Cal.*, No. C-07-2587 EMC, 2007 WL 2288116, at *2 (N.D. Cal. Aug. 7, 2007) (internal citation omitted). Claims may be severable under Rule 21 if they arise from different factual situations or pose different legal questions. *Id.* "To join together in one action, plaintiffs must meet two specific requirements: (1) the right to relief asserted by each plaintiff must arise out of or relate to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all parties must arise in the action." *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (citing Fed. R. Civ. P. 20(a); *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977)). "If joined plaintiffs fail to meet both of these requirements, the district court

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance." *Id.*

Courts may also conduct separate trials under Fed. R. Civ. P. 42(b). "The difference between Rule 21, which allows a court to *sever* claims, *see* Fed. R. Civ. P. 21, and Rule 42(b), which allows for the *separate trial* of any claim, 'often is obscured in practice.'" *Khanna*, 2007 WL 2288116, at *2 n.1 (emphasis in original) (citing 9 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. § 2387 (3d ed.2007)). "Separate trials usually will result in one judgment, but severed claims become entirely independent[] actions to be tried and judgment entered thereon independently." *Id.* (internal citations omitted).

## IV.    ARGUMENT

Plaintiffs bring different causes of action against Google and Albany Med, based on different facts that will require different proof. The gravamen of the complaint is Google's alleged violations of privacy through its Google Analytics tools. Albany Med's alleged knowledge of and participation in this violation is legally and factually separate. On the face of the Complaint (and in fact), Albany Med played a limited role in these events by implementing on its Website a set of free analytics tools provided by Google. Grouping Plaintiffs' claims against Albany Med with their claims against Google is inappropriate, likely to prejudice Albany Med, and will result in few, if any, efficiencies. Plaintiffs' claims against Albany Med should be severed from their claims against Google.

### A.  Claims Against Albany Med Are Misjoined with Those Against Google

Plaintiffs' claims against Albany Med are legally and factually distinct from their claims against Google. Indeed, their Complaint implicitly concedes this by separating their ECPA claims against Google and their ECPA claims against Albany Med into two different causes of action based on two different sets of allegations. *See* Compl. ¶¶ 93–116. Plaintiffs also assert other causes of action against the respective defendants based on entirely different legal theories: against Google Plaintiffs' theory is intrusion upon seclusion, and against Albany Med their theories are negligence, unfair business practices, and breach of contract. *See generally id.* ¶¶ 93–149. These different causes of action are based on different allegations that call for different forms of proof for different

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

legal elements.

Plaintiffs' respective claims against Google and against Albany Med appear to be related only on the surface. In fact, these claims arise from two separate transactions or occurrences. With respect to Albany Med, the transaction is the Plaintiffs' respective visits to the Website. The proof of Plaintiffs' claims will focus on Plaintiffs' relationship with Albany Med, the notice they received of cookies used on the Website, and the PII/PHI (if any) that was transmitted to Google. The relevant evidence will be specific communications between Albany Med and Plaintiffs, its posted Privacy Policy, and any agreements made between Albany Med and Plaintiffs. With respect to Google, the transaction is an alleged scheme to "track [users'] behavior across different websites" to "create user profiles based on individual interests, enabling Google to deliver targeted advertisements." Compl. ¶¶ 30, 33. These claims focus on Google's overall technological architecture and its alleged aggregation and manipulation of data received through countless channels, of which Albany Med is allegedly only one small part. The relevant evidence for these claims is separate from the evidence needed to prove Plaintiffs' claims against Albany Med, even if it includes in part whatever data Google happened to receive through Plaintiffs' browser cookies in connection with their visits to Albany Med's Website. Albany Med's tangential relationship to this broad data transmission chain has nothing to do with Google's liability.

In short, Albany Med does not belong in Plaintiffs' larger dispute with Google over its data collection practices, profiling of Internet users, or targeted advertising products—which allegedly involves tracking of Plaintiffs' activities across many websites and Google applications such as Gmail and YouTube. *See* Compl. ¶ 30. To the extent Plaintiffs have claims against Albany Med, they are both legally and factually separate from their claims against Google and should be severed from the Google claims.

## B. Inclusion of Albany Med Will Result in Unfair Prejudice

The inclusion of Albany Med in Plaintiffs' dispute against Google threatens to cause unfair prejudice to Albany Med. Severance is appropriate even where joinder is proper, in light of "potential prejudice to [the defendant] resulting from joinder" and the "danger of jury confusion." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000). Indeed, severance to avoid

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

prejudice is appropriate even where judicial economy would be aided by joinder. *Byorth v. USAA Cas. Ins. Co.*, No. CV 17-153-BLG-KLD, 2020 WL 6204333, at *3 (D. Mont. June 4, 2020) (granting motion to sever where "the risk of prejudice outweighs judicial economy concerns").

Here, evidentiary spillover is inevitable and the factfinder may conflate Albany Med's localized use of common analytics tools with Google's broader data collection practices. This is particularly important where Google is alleged to have intentionally committed "highly offensive" invasions of privacy, Compl. ¶ 124, whereas Plaintiffs allege Albany Med was merely negligent in "allowing" Google to commit these invasions of privacy, or failed to properly notify Plaintiffs of the cookie practices on the Website, *id.* ¶¶ 1, 130–31. Evidence that may be admissible only against Google will likely influence the factfinder's disposition toward Albany Med, and a jury may improperly punish Albany Med for perceived violations or overreach by Google.

Joinder of claims against Google and against Albany Med may also confuse and prejudice Albany Med's defenses. Albany Med and Google are differently situated: Albany Med is a covered entity and healthcare provider while Google is a general service provider. Albany Med should not be in a position to defend a global tech giant's data practices of which Albany Med has limited knowledge and zero control. Albany Med's defenses (such as the party exception to the ECPA) will likely conflict with Google's defenses, which will involve different proof of different elements based on different facts.

### C. Judicial Economy Will Be Promoted By Severance

Combining Plaintiffs' respective claims against Albany Med and Google does not promote judicial efficiency. Discovery against Google will be complex and far-ranging, as it concerns Google's fundamental business practices in the fields of data mining and targeted advertising. Albany Med has no involvement in, or expertise related to, the core allegations concerning Google. Yet Albany Med would need to participate in such discovery, participate in depositions of Google employees, and review and analyze voluminous productions by Google that have little to do with Albany Med. Further, Albany Med's defenses will rely on proof of its Privacy Policy and medical intake forms—evidence that will not impact Plaintiffs' claims against Google or Google's defenses. The necessary attention both defendants will take of the other defendant's actions are a needless

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    drain on resources that can be prevented by severing the claims against Albany Med.

2          Moreover, the Court will not be served by presiding over two separate sets of claims, one

3    against Google and one against Albany Med. Each set of claims involves different factual and legal

4    issues and will rely on separate forms of proof. As proceedings progress, the Court will be tasked

5    with coordinating what are essentially two cases that are joined in one proceeding. Because the

6    claims are so distinct, there will be no efficiencies created in coordinated discovery, joint motions,

7    or a single trial. To the contrary, the combination of separate claims against the two defendants

8    only threatens to slow down the claims against Albany Med, which are less complex than those

9    against Google.

10   **V.      <u>CONCLUSION</u>**

11         For the foregoing reasons, Albany Med respectfully requests that the Court grant its motion

12   and sever the claims against Albany Med from claims against Google.

13

14   Dated: February 10, 2026                    **BAKER & HOSTETLER LLP**

15

16                                     By: _____
                                            RAYMOND O. AGHAIAN

17
                                            *Attorneys for Defendant,*
18                                          ALBANY MED HEALTH SYSTEM

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES