**FITZGERALD MONROE FLYNN PC**
JACK FITZGERALD (SBN 257370)
*jfitzgerald@fmfpc.com*
MELANIE R. MONROE (SBN 275423)
*mmonroe@fmfpc.com*
TREVOR FLYNN (SBN 253362)
*tflynn@fmfpc.com*
ALLISON FERRARO (SBN 351455)
*aferraro@fmfpc.com*
DANIEL E. SACHS (SBN 361027)
*dsachs@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741

**Counsel for Plaintiffs**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VALETTA MCENTYRE and GAYLA SCHNITZER, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC and ALBANY MED HEALTH SYSTEM,<br><br>Defendants. | Case No: 3:25-cv-10483-VC (SVK)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT ALBANY MED HEALTH SYSTEM'S MOTION TO SEVER**<br><br>Date: Feb. 27, 2026<br>Time: 10:00 a.m.<br>Location: Zoom |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................. ii

INTRODUCTION ............................................................................................................................. 1

LEGAL STANDARD ........................................................................................................................ 1

ARGUMENT .................................................................................................................................... 2

    I.     JOINDER IS PROPER .............................................................................................. 2

          A.     All of Plaintiffs' Claims Arise from the Same Transactions ....................... 2

          B.     Common Questions of Law and Fact Predominate ...................................... 3

    II.    SEVERANCE WOULD UNDERMINE JUDICIAL ECONOMY AND RISK INCONSISTENT RULINGS .................................................................................... 4

    III.   ALBANY MED'S CLAIMED PREJUDICE IS SPECULATIVE AND MANAGEABLE ......................................................................................................... 5

CONLUSION .................................................................................................................................... 6

i

*McEntyre, et al. v. Google LLC, et al.*, Case No: 3:25-cv-10483-VC (SVK)
PLAINTIFFS' OPPOSITION TO ALBANY MED'S MOTION TO SEVER

## TABLE OF AUTHORITIES

**Cases**

*Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*,
  99 F. Supp. 3d 1110 (C.D. Cal. 2015) ............................................................................... 4

*Bravado Int'l Grp. Merch. Servs. v. Cha*,
  2010 WL 2650432 (N.D. Cal. June 30, 2010) .................................................................. 2

*Coleman v. Quaker Oats Co.*,
  232 F.3d 1271 (9th Cir. 2000) ....................................................................................... 5, 6

*Coughlin v. Rogers*,
  130 F.3d 1348 (9th Cir. 1997) ........................................................................................... 2

*Gonzales v. Wal-Mart Stores, Inc.*,
  2014 WL 2591499 (D. Nev. June 10, 2014) ..................................................................... 4

*Gonzales v. Wal-Mart Stores, Inc.*,
  2014 WL 2591690 (D. Nev. May 22, 2014) ..................................................................... 4

*Gutta v. Renaud*,
  2021 WL 533757 (N.D. Cal. Feb. 12, 2021) ..................................................................... 2

*In re EMC Corp.*,
  677 F.3d 1351 (Fed. Cir. 2013) ......................................................................................... 3

*Jacques v. Hyatt Corp.*,
  2012 WL 3010969 (N.D. Cal. July 23, 2012) ................................................................... 2

*Jones v. CertifiedSafety, Inc.*,
  2019 WL 758308 (N.D. Cal. Feb. 20, 2019) ..................................................................... 2

*League to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency*,
  558 F.2d 914 (9th Cir. 1977) ............................................................................................. 2

*Lindora, LLC v. Isagenix Int'l, LLC*,
  198 F. Supp. 3d 1127 (S.D. Cal. 2016) .......................................................................... 2, 4

*Pablo Sequen v. Kaiser*,
  --- F. Supp. 3d ----, 2025 WL 3275602 (N.D. Cal. Nov. 24, 2025) ................................... 2

*Ray v. Cuccinelli*,
  2020 WL 7353697 (N.D. Cal. Dec. 15, 2020) ................................................................... 3

*Ruhrgas AG v. Marathon Oil Co.*,
  526 U.S. 574 (1999) ........................................................................................................... 1

ii

*McEntyre, et al. v. Google LLC, et al.*, Case No: 3:25-cv-10483-VC (SVK)
PLAINTIFFS' OPPOSITION TO ALBANY MED'S MOTION TO SEVER

*S.E.C. v. Leslie*,
    2010 WL 2991038 (N.D. Cal. July 29, 2010) ............................................................................. 2

*United Mine Workers of Am. v. Gibbs*,
    383 U.S. 715 (1966) ................................................................................................................. 2

*United States ex rel. Switzer v. Wood*,
    2023 WL 6370917 (C.D. Cal. May 16, 2023) ........................................................................... 3

**Rules**

Fed. R. Civ. P. 20 ........................................................................................................................ 1, 3

Fed. R. Civ. P. 20(a)(2) ................................................................................................................... 1

Fed. R. Civ. P. 20(a)(2)(B) ............................................................................................................. 3

Fed. R. Civ. P. 20(a)(3) ................................................................................................................... 1

Fed. R. Civ. P. 21 ................................................................................................................... 1, 5, 6

Fed. R. Civ. P. 42 ............................................................................................................................ 4

Fed. R. Civ. P. 42(b) ................................................................................................................... 5, 6

iii

*McEntyre, et al. v. Google LLC, et al.*, Case No: 3:25-cv-10483-VC (SVK)
PLAINTIFFS' OPPOSITION TO ALBANY MED'S MOTION TO SEVER

**INTRODUCTION**

Albany Med Health System ("Albany Med") seeks to fracture a single, unified dispute into two parallel lawsuits. Its motion rests on the premise that Plaintiffs' claims against Albany Med and Google LLC ("Google") arise from different transactions and require "different proof." *See generally* Albany Med's Mot. Sever, Dkt. No. 17 ("Mot."). That mischaracterizes the Complaint.

Plaintiffs allege a single, unified interception event: Albany Med deployed Google Analytics on its website, which caused Plaintiffs' communications, including their personally identifying information ("PII") and protected health information ("PHI"), to be transmitted to Google without consent. That transmission is the operative conduct underlying Plaintiffs' ECPA and related state-law claims against both Defendants. Whether Google Analytics transmitted information from Albany Med's website, what information was transmitted, and whether that transmission constitutes an unlawful interception are common questions that will determine both Defendants' liability.

Rule 20 permits joinder where claims arise from the same series of transactions and share common questions of law or fact. Where that standard is met, severance under Rule 21 is discretionary and is unwarranted absent a concrete showing of prejudice or inefficiency. Albany Med has shown neither.

Because the claims arise from the same alleged data transmission and depend on overlapping factual and legal determinations, severance would duplicate discovery, risk inconsistent rulings, and undermine judicial economy. The motion should be denied.[1]

**LEGAL STANDARD**

Rule 20 permits joinder of defendants when: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the

---

[1] The motion may also simply be premature. Albany Med states it "does not consent to the jurisdiction of the Northern District of California, and expressly reserves the right to challenge personal jurisdiction." Mot. at 3 n.1. Albany Med later confirmed it intends to move to dismiss for lack of personal jurisdiction. "Personal jurisdiction . . . is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (internal quotation and citation omitted). If Albany Med succeeds, there will be no claims remaining to sever, rendering this Motion unnecessary. At minimum, the Court should defer consideration of severance until Albany Med's anticipated jurisdictional challenge is resolved.

1

*McEntyre, et al. v. Google LLC, et al.*, Case No: 3:25-cv-10483-VC (SVK)
PLAINTIFFS' OPPOSITION TO ALBANY MED'S MOTION TO SEVER

action." Fed. R. Civ. P. 20(a)(2). Notably, "[n]either a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities." *Id.* at (a)(3). Courts liberally construe these requirements to promote trial convenience and expedite final determination of disputes, thereby preventing multiple lawsuits. *Pablo Sequen v. Kaiser*, --- F. Supp. 3d ---, 2025 WL 3275602, at *2 (N.D. Cal. Nov. 24, 2025) (citing *League to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977) ["*Lake Tahoe*"]).

In exercising discretion under Rule 21, courts consider factors including whether the claims arise from the same transaction, whether common questions exist, whether judicial economy would be served, whether prejudice would be avoided, and whether separate proof is required. *See S.E.C. v. Leslie*, 2010 WL 2991038, at *4 (N.D. Cal. July 29, 2010). "As the party seeking separate trials, [Albany Med] bears the burden of proving that separation of claims is necessary." *See Lindora, LLC v. Isagenix Int'l, LLC*, 198 F. Supp. 3d 1127, 1149 (S.D. Cal. 2016) ["*Lindora*"] (citation omitted).

## **ARGUMENT**

### I.    **JOINDER IS PROPER**

#### A.    **All of Plaintiffs' Claims Arise from the Same Transactions**

Rule 20's "same transaction… or series of transactions" requirement is satisfied where claims share a common factual nucleus or are logically related. *Lake Tahoe*, 558 F.2d at 917. The Ninth Circuit does not apply a rigid test; rather, it asks whether the claims arise from "a systematic pattern of events," *see Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997), which "depend[] not so much upon the immediateness of their connection as upon their logical relationship," *Gutta v. Renaud*, 2021 WL 533757, at *5 (N.D. Cal. Feb. 12, 2021) (quoting *Jones v. CertifiedSafety, Inc.*, 2019 WL 758308, at *4 (N.D. Cal. Feb. 20, 2019)). "The Ninth Circuit has interpreted the phrase 'same transaction, occurrence, or series of transactions or occurrences' to require a degree of factual commonality underlying the claims." *Bravado Int'l Grp. Merch. Servs. v. Cha*, 2010 WL 2650432, at *4 (N.D. Cal. June 30, 2010) (quotation omitted). The rule simply requires "related activities" and "similarity in the factual background of a claim." *Jacques v. Hyatt Corp.*, 2012 WL 3010969, at *3 (N.D. Cal. July 23, 2012) (citing *Bravado*, 2010 WL 2650432, at *4). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to

2

*McEntyre, et al. v. Google LLC, et al.*, Case No: 3:25-cv-10483-VC (SVK)
PLAINTIFFS' OPPOSITION TO ALBANY MED'S MOTION TO SEVER

the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

Here, the Court should find Plaintiffs' claims against Albany Med and Google have sufficient transactional relatedness to satisfy the same transaction requirement. Albany Med's motion, which argues "Plaintiffs' claims against Albany Med are legally and factually distinct from their claims against Google," Mot. at 5, mischaracterizes this case as two separate disputes, but the Complaint alleges one. That is because Plaintiffs' claims arise from a single, integrated chain of events: Albany Med embedded Google Analytics on its website; Plaintiffs visited that website; Google's code executed in Plaintiffs' browsers; and information was simultaneously transmitted to Google. That transmission of PII and PHI, through Plaintiffs' use of the Albany Med website, is the factual predicate for **every claim** asserted against both defendants. *Cf. Ray v. Cuccinelli*, 2020 WL 7353697, at *2 (N.D. Cal. Dec. 15, 2020) (finding joinder proper where "Plaintiffs' claims arise from their interactions with one entity").

### B. Common Questions of Law and Fact Predominate

The second prong of Rule 20 requires at least one common question of law or fact. Fed. R. Civ. P. 20(a)(2)(B). That requirement is easily satisfied. Common questions include, for example:

    a. What specific Google Analytics cookies were embedded on AlbanyMed.org during the relevant period?

    b. What information, including any PII or PHI, was transmitted from Plaintiffs' browsers to Google's servers?

    c. Was the transmission contemporaneous with Plaintiffs' communications with the website?

    d. What disclosures, if any, were presented to users regarding cookies, tracking, and data sharing?

    e. Did users consent to the alleged data transmission?

*See* Compl. ¶ 86. These questions will require overlapping technical discovery, expert testimony, and potentially the same source code and network analysis. That is more than sufficient to satisfy Rule 20. *See United States ex rel. Switzer v. Wood*, 2023 WL 6370917, at *3 (C.D. Cal. May 16, 2023) (Rule 20's "logical relationship test is satisfied if there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant" (quoting *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2013)).

3

*McEntyre, et al. v. Google LLC, et al.*, Case No: 3:25-cv-10483-VC (SVK)
PLAINTIFFS' OPPOSITION TO ALBANY MED'S MOTION TO SEVER

## II. SEVERANCE WOULD UNDERMINE JUDICIAL ECONOMY AND RISK INCONSISTENT RULINGS

Federal courts are inclined to find claims arise from the same transaction where overlapping proof and duplication in testimony indicate separate trials would cause delay, inconvenience, and added expense. *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1187 (C.D. Cal. 2015). That principle applies here. Even assuming some evidentiary differences exist among the Defendants, severance is not warranted if witnesses or documentary evidence overlap, especially because potential prejudice from joinder can typically be mitigated through procedural protections, including "careful jury instructions, bifurcation of issues, or a special verdict form to protect against jury confusion." *Lindora*, 198 F. Supp. 3d at 1151. In *Lindora*, the district court identified three key factors for evaluating severance: "(1) whether severance would promote judicial economy; (2) whether the claims involve different witnesses and documentary proof; and (3) whether joinder would cause prejudice." *Id.* at 1149-50 (citation omitted). There, the court found that overlapping key witnesses and documentary evidence "would require these witnesses to travel and testify twice, resulting in inconvenience, inefficiency, and added costs," and emphasized that "conducting two separate trials would involve significant duplication of effort, producing inefficiencies rather than economization." *Id.* at 1150-51 (citation omitted).

The existence of a related action involving Google likewise does not justify severance. The Rules of Civil Procedure contemplate that courts can manage overlapping cases through coordination, consolidation, or other case-management tools to promote consistency and efficiency rather than fragmentation. *See* Fed. R. Civ. P. 42; *see also Gonzales v. Wal-Mart Stores, Inc.*, 2014 WL 2591690, at *8-10 & n.10 (D. Nev. May 22, 2014), *report and recommendation adopted*, 2014 WL 2591499 (D. Nev. June 10, 2014) (severance inappropriate where it would create duplicative litigation and risk inconsistent rulings); *cf. Lindora*, 198 F. Supp. 3d at 1150 ("The mere possibility of preclusion . . . is insufficient to outweigh the more certain efficiency gains provided by joinder in this case.").

In sum, rather than promote efficiency and reduce the burden on the Court and all parties, severance would duplicate effort, increase cost, risk inconsistent rulings, and complicate case management. Where claims arise from the same operative facts and turn on the same technical and legal determinations, unified adjudication—not fragmentation—serves judicial economy.

4

*McEntyre, et al. v. Google LLC, et al.*, Case No: 3:25-cv-10483-VC (SVK)
PLAINTIFFS' OPPOSITION TO ALBANY MED'S MOTION TO SEVER

### III. ALBANY MED'S CLAIMED PREJUDICE IS SPECULATIVE AND MANAGEABLE

Albany Med argues that trying the claims together would create "spillover" prejudice because Plaintiffs allege more extensive conduct by Google. *See* Mot. at 7. That concern is speculative and does not justify severance. Courts routinely try cases involving defendants with differing degrees of alleged involvement. That one defendant's conduct may be broader or more technologically complex than another's does not require separate proceedings. If necessary, the Court can mitigate any risk of jury confusion through ordinary tools—limiting instructions, tailored verdict forms, or bifurcation under Rule 42(b). Severance under Rule 21 is not required simply because defendants occupy different roles in an alleged scheme.

*Coleman v. Quaker Oats Co.*, 232 F.3d 1271 (9th Cir. 2000), on which Albany Med relies, Mot. at 6-7, is inapposite. In *Coleman*, the district court noted how, "[f]or each plaintiff, the jury would have had to examine individually his or her employment history as well as the explanations given by Quaker for not retaining him or her," and how those inquiries "would require the testimony of each employee's supervisors and raters." 232 F.3d at 1296. This case presents the opposite scenario. Plaintiffs' claims against both defendants turn on the same alleged data transmission, the same website implementation, and the same technical operation of Google Analytics. The jury will evaluate the same underlying event: what occurred when Google's code executed on Albany Med's website. That unified factual inquiry does not resemble the individualized proof concerns that drove severance in *Coleman*.

That Google and Albany Med have different degrees of culpability of *intent* to invade Plaintiffs' privacy does not implicate the same kind of prejudice in *Coleman*. That is, Plaintiffs' theory against Albany Med is not derivative, it is factually linked to the same alleged transmission of data. The jury will be asked to determine what happened when Google Analytics executed on Albany Med's website. That inquiry does not unfairly taint Albany Med; it defines the case.

Albany Med also suggests that its defenses differ from Google's. Mot. at 7. But Albany Med provides no authority, and Plaintiffs have found none, suggesting differing defenses defeat joinder where the underlying factual questions overlap. To the extent Albany Med wishes to present defenses specific to its role—such as the party exception to ECPA, *id.*—it may do so within a unified proceeding, and the jury will be free to find both, either, or neither Defendant liable.

In short, Albany Med identifies no concrete prejudice that cannot be addressed through ordinary

5

case-management tools. Concerns about jury confusion or evidentiary spillover do not require severance. *Cf. Coleman*, 232 F.3d at 1296-97 (9th Cir. 2000) (considering prejudice and case-management concerns in joinder analysis). If at a later stage the Court determines that certain issues should be tried separately, Rule 42(b) expressly permits separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize," without fragmenting the action into independent lawsuits. Fed. R. Civ. P. 42(b). Severance under Rule 21, by contrast, creates entirely separate actions, with separate judgments, and is not required merely because defendants occupy different roles in an alleged course of conduct.

## CONCLUSION

The Court should deny the motion.

Dated: February 19, 2026                Respectfully Submitted,

/s Trevor Flynn
**FITZGERALD MONROE FLYNN PC**
JACK FITZGERALD
*jfitzgerald@fmfpc.com*
MELANIE R. MONROE
*mmonroe@fmfpc.com*
TREVOR FLYNN
*tflynn@fmfpc.com*
ALLISON FERRARO
*aferraro@fmfpc.com*
DANIEL E. SACHS
*dsachs@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741

***Counsel for Plaintiffs***

6

*McEntyre, et al. v. Google LLC, et al.*, Case No: 3:25-cv-10483-VC (SVK)
PLAINTIFFS' OPPOSITION TO ALBANY MED'S MOTION TO SEVER