COOLEY LLP
BENEDICT HUR (SBN 224018)
(bhur@cooley.com)
JOSHUA ANDERSON (SBN 312836)
(joshua.anderson@cooley.com)
ARGEMIRA FLÓREZ (SBN 331153)
(aflorez@cooley.com)
GREGORY J. MERCHANT (SBN 341287)
(gmerchant@cooley.com)
ELIAS GARCIA (SBN 352669)
(elias.garcia@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VALETTA MCENTYRE and GAYLA SCHNITZER, on behalf of themselves, all others similarly situation, and the general public,

Plaintiffs,

v.

GOOGLE LLC and ALBANY MED HEALTH SYSTEM,

Defendants.

No. 3:25-cv-10483-VC

**GOOGLE LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**

Date: April 16, 2026
Time: 2:00 p.m.
Judge: Hon. Vince Chhabria
Room: Courtroom 4 –17th Floor

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rule of Evidence ("Rule") 201 and applicable case law, Defendant Google LLC hereby respectfully requests that the Court consider Exhibits A-1 through C, attached to the Declaration of Joshua Anderson filed herewith, under the doctrines of judicial notice and/or incorporation by reference, as appropriate, in support of its concurrently filed Motion to Dismiss Plaintiffs' Class Action Complaint.

- **Exhibit A-1:** *Google Analytics Terms of Service*, effective May 15, 2023, accessible at https://marketingplatform.google.com/about/analytics/terms/us/.
- **Exhibit A-2:** *Google Analytics Terms of Service*, effective March 31, 2021, accessible at https://marketingplatform.google.com/about/analytics/terms/us-20210331/.
- **Exhibit A-3:** *Google Analytics Terms of Service*, effective June 17, 2019, accessible at https://marketingplatform.google.com/about/analytics/terms/gb-20190617/.
- **Exhibit A-4:** *Google Analytics Terms of Service*, effective April 17, 2019, accessible at https://firebase.google.com/terms/analytics/GoogleAnalyticsForFirebase-PROPERTIES_TermsOfService_2019-04-17.pdf.
- **Exhibit A-5:** *Google Analytics Terms of Service*, effective October 1, 2018, accessible at https://firebase.google.com/terms/analytics/GoogleAnalyticsForFirebase-PROPERTIES_TermsOfService_2018-10-01.pdf.
- **Exhibit A-6:** *Google Analytics Terms of Service*, effective May 17, 2017, accessible at https://firebase.google.com/terms/analytics/GoogleAnalyticsForFirebase-PROPERTIES_TermsOfService_2017-05-17.pdf.
- **Exhibit B:** *HIPAA and Google Analytics*, effective, accessible at https://support.google.com/analytics/answer/13297105?hl=en.
- **Exhibit C:** *Best practices to avoid sending Personally Identifiable Information (PII)*, effective, accessible at: https://support.google.com/analytics/answer/6366371?hl=en&ref_topic=2919631&sjid=15549723309342979233-NC#zippy=%2Cin-this-article.

Dated: February 23, 2026

COOLEY LLP

By: */s/ Benedict Hur*
Benedict Hur

Attorneys for Defendant GOOGLE LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Google LLC ("Google") respectfully requests that the Court consider Exhibits A-1 through C attached to the Declaration of Joshua Anderson filed herewith in support of Google's concurrently filed Motion to Dismiss. As explained below, these Exhibits—which consist of current and historical versions of Google's publicly available Google Analytics Terms of Service ("GA" and "GA Terms") and user notices—were in place during the relevant time periods and are not subject to reasonable dispute. This Court previously took judicial notice of Google's GA service terms and user notices in resolving the motions to dismiss filed in the related case *Doe v. Google*, No. 23-cv-02431 ("*Doe*"). The Exhibits are also incorporated by reference into the Complaint because they the contain terms governing website operators' use of GA, which are integral to Plaintiffs' allegations that Google "contract[ed]" with Defendant Albany Med Health System ("Albany Med") and "allow[ed]" Albany Med to violate Plaintiffs' privacy rights. *See* Compl. ¶¶ 1, 4. The Exhibits are each subject to judicial notice and/or incorporation by reference and the Court may consider them in resolving Google's Motion to Dismiss.

## I. LEGAL STANDARD

At the motion to dismiss stage, courts can consider materials beyond those alleged on the face of the complaint when they are "matters of judicial notice." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Under Federal Rule of Evidence 201(b), courts may take judicial notice of matters that are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Minor v. FedEx Off.*, No. 14-cv-01117, 2014 WL 12570168, at *3–4 (N.D. Cal. Aug. 11, 2014) (reciting and applying these rules). Documents that "appear on publicly available websites . . . are thus proper subjects for judicial notice." *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (granting Google's request for judicial notice in the motion to dismiss context); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (noticing publicly available websites). It is proper for the Court to consider this request for judicial notice in support of Google's Motion to Dismiss because, under Federal Rule of Evidence 201(d), the "court may take judicial notice at any stage of the proceeding." *See*

*Simpson v. Best W. Int'l, Inc.*, No. 3:12-cv-04672, 2012 WL 5499928, at *2 (N.D. Cal. Nov. 13, 2012) ("Defendant was permitted to submit an additional Request for Judicial Notice with its reply."). A party is, moreover, "entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed." Fed. R. Evid. 201(e).

The doctrine of incorporation by reference, which is distinct from the doctrine of judicial notice, supplies an additional basis for considering documents beyond a complaint's four corners in the specific context of a Rule 12 motion. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) ("Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself."). When a plaintiff's claim depends on the contents of a document attached to the defendant's motion to dismiss, and the document's authenticity is unquestioned, the court may deem the document incorporated into the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *accord Ritchie*, 342 F.3d at 908 (stating that a document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim"). In deciding a motion to dismiss, a court "must consider the complaint in its entirety," including "matters of which a court may take judicial notice" and "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *Khoja*, 899 F.3d at 999.

## II. ARGUMENT

### A. Judicial Notice of Publicly Accessible Webpages

Here, Exhibits A-1 through C consist of Google's publicly available GA Terms and notices to website operators governing their use of GA and other Google products to measure how visitors interact with their websites. This Court previously took judicial notice of Google's GA service terms and notices in resolving the Google's motions to dismiss filed in the related case *Doe v. Google*, No. 23-cv-02431, 2025 WL 1616720, at *2 n.1 (N.D. Cal. June 6, 2025) (holding that "Google's request for judicial notice is granted" with respect to the GA Terms and Google's online notices). Other courts in this District also often take judicial notice of publicly available privacy policies and terms of service in privacy-related litigation—including many of the very same

documents Google asks the Court to notice here. *See, e.g.*, *Matera v. Google Inc.*, No. 15-cv-04062, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (noticing Google's terms of service and privacy policies); *In re Google Inc.*, No. 13-md-02430, 2013 WL 5423918, at *7 (N.D. Cal. Sept. 26, 2013) (same); *Calhoun v. Google*, 526 F. Supp. 3d 605, 617–18 (N.D. Cal. 2021) (same); *Brown*, 525 F. Supp. 3d at 1061 (same); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025 (N.D. Cal. 2014) (same for Yahoo's); *Yuksel v. Twitter, Inc.*, No. 22-cv-05415, 2022 WL 16748612, at *2 (N.D. Cal Nov. 7, 2022) (same for Twitter's terms of service and rules); *Coffee v. Google LLC*, No. 20-cv-03901, 2021 WL 493387, at *3–4 (N.D. Cal. Feb. 10, 2021) (same for Google's terms of service); *In re Fibrogen, Inc.*, No. 21-cv-02623, 2022 WL 2793032, at *6 (N.D. Cal. July 15, 2022) (noticing "publicly available press releases" by nonparties); Bos. *Ret. Sys. v. Uber Techs.*, No. 19-cv-06361, 2020 WL 4569846, at *3 (N.D. Cal. Aug. 7, 2020) (noticing 26 news articles in a securities class action to show "that particular information was available to the stock market").

Exhibits A-1 through C are therefore judicially noticeable as publicly available documents not subject to reasonable dispute. *See* Fed. R. Evid. 201(b); *Hammerling v. Google LLC*, No. 21-cv-09004, 2022 WL 17365255, at *4 (N.D. Cal. Dec. 1, 2022) ("webpages . . . are regularly the subject of judicial notice in this circuit"), *aff'd*, No. 22-17024, 2024 WL 937247 (9th Cir. Mar. 5, 2024); *Caldwell v. Caldwell*, No. C 05-4166, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006), *order clarified*, No. C 05-4166, 2006 WL 734405 (N.D. Cal. Mar. 20, 2006) ("The court agrees with the proposition that, as a general matter, websites and their contents may be proper subjects for judicial notice.").

**B. Incorporation by Reference**

In deciding Google's Motion to Dismiss, the Court also may consider the materials in Exhibits A-1 through C for the additional reason that the Complaint incorporates them by reference. Where, as here, important documents are "referenced in a complaint but not explicitly incorporated therein," "the complaint relies on the document[s]," and their "authenticity is unquestioned," a court may consider them when deciding a motion to dismiss. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). This serves to "[p]revent [] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based."

*Id.* (internal quotations and citation omitted).

Exhibits A-1 through C contain the contractual terms that govern website operators' use of GA. They state, among other things, what Google allows GA users to do and what GA prohibits them from doing—namely, sending private health information to Google. Thus, while not expressly referenced in the Complaint, Exhibits A-1 through C terms are integral to allegations that Google "contract[ed]" with Albany Med and "allow[ed]" Albany Med to violate Plaintiffs' privacy rights. *E.g.*, Compl. ¶ 4 (alleging that Albany Med "contract[ed] with Google for the provision of services at issue and described"); ¶ 29 (alleging that "Google Analytics is a web analytics service that, among other things, allows website owners to track visitors' actions via cookies").

## III. CONCLUSION

For the reasons set forth, the Court should take judicial notice of Exhibits A-1 through C in resolving Google's Motion and/or find that these documents are incorporated by reference into the Complaint.

Dated: February 23, 2026

COOLEY LLP

By: */s/ Benedict Hur*
Benedict Hur

Attorneys for Defendant GOOGLE LLC