RAYMOND O. AGHAIAN (SBN 218294)
JASON A. ORR (SBN 301764)
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: *raghaian@bakerlaw.com*
*jorr@bakerlaw.com*

*Attorneys for Defendant,*
ALBANY MED HEALTH SYSTEM

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

VALETTA MCENTYRE and GAYLA SCHNITZER, on behalf of themselves, all others similarly situated, and the general public

Plaintiffs,

v.

ALBANY MED HEALTH SYSTEM,

Defendant.

Case No.: 3:25-cv-10483-VC

*[Assigned to Hon. Vince Chhabria]*

**DEFENDANT ALBANY MED HEALTH SYSTEM'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

**<u>Hearing Information</u>:**

Date: May 7, 2026
Time: 10:00 A.M.
Place: San Francisco Courthouse
Courtroom 4 – 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Action Filed: December 5, 2025

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........ 1
II. LAW AND ARGUMENT ........ 1
A. Plaintiffs Have Not Established Specific Personal Jurisdiction........ 1
i. Plaintiffs Cannot Show ‘Purposeful Direction.’ ........ 1
ii. Plaintiffs’ Claims Do Not ‘Arise Out Of’ Forum-Related Contacts........ 4
iii. Jurisdiction Would Not Comport with Fair Play and Substantial Justice........ 4
B. Plaintiffs’ Federal Wiretap Act Claim Fails (Count II) ........ 6
i. The Crime-Tort Exception Does Not Apply........ 6
ii. There Is No Wiretap Act Liability for “Procurement.”........ 7
C. Negligence and G.B.L. Claims § 349 Fail for Lack of Injury (Counts II & III) ........ 8
D. Plaintiffs Have Not Alleged the Formation of any Contract (Count IV)........ 9
E. Plaintiffs’ Unjust Enrichment Claim Fails (Count V) ........ 10
III. CONCLUSION........ 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Astiana v. Hain Celestial Group, Inc.*,
783 F.3d 753 (9th Cir. 2015) .......... 10

*Briskin v. Shopify, Inc.*,
135 F.4th 739 (9th Cir. 2025) .......... 1, 2

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*,
582 U.S. 255 (2017) .......... 3

*D'Antonio v. Smith & Wesson Inc.*,
No. 25-CV-03085-PCP, 2026 WL 446310 (N.D. Cal. Feb. 17, 2026) .......... 9

*Doe I v. Google LLC*,
741 F. Supp. 3d 828 (N.D. Cal. 2024) .......... 10

*Doe v. Kaiser Found. Health Plan, Inc.*,
2024 WL 1589982 (N.D. Cal. Apr. 11, 2024) .......... 6, 7

*Doe v. Regents of Univ. of California*,
672 F. Supp. 3d 813 (N.D. Cal. 2023) .......... 9

*In re Facebook Internet Tracking Litig.*,
263 F. Supp. 3d 836 (N.D. Cal. 2017) .......... 9

*In re Facebook, Inc., Consumer Priv. User Profile Litig.*,
402 F. Supp. 3d 767 (N.D. Cal. 2019) .......... 8

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011) .......... 4

*In re Google Assistant Priv. Litig.*,
546 F. Supp. 3d 945 (N.D. Cal. 2021) .......... 10

*Goshen v. Mutual Life Ins. Co.*,
98 N.Y.2d 314 (2002) .......... 8

*Greenley v. Kochava, Inc.*,
684 F. Supp. 3d 1024 (S.D. Cal. 2023) .......... 10

*Herbal Brands, Inc. v. Photoplaza, Inc.*,
72 F.4th 1085 (9th Cir. 2023) .......... 5

*Herzer v. Redstone*,
2018 WL 5094933 (C.D. Cal. July 10, 2018) .......... 7

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Katz-Lacabe v. Oracle Am., Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023) .......... 6

*Keeton v. Hustler Magazine, Inc.*,
465 U.S. 770 (1984) .......... 3

*Lakes v. Ubisoft, Inc.*,
777 F. Supp. 3d 1047 (N.D. Cal. 2025) .......... 6

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
647 F.3d 1218 (9th Cir. 2011).......... 2

*In re Meta Pixel Healthcare Litig.*,
647 F. Supp. 3d 778 (N.D. Cal. 2022) .......... 6

*R.C. v. Walgreen Co.*,
733 F. Supp. 3d 876 (C.D. Cal. 2024).......... 8, 9

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004).......... 1

*Small v. Lorillard Tobacco Co.*,
94 N.Y.2d 43 (1999) .......... 8

*Smith v. Rack Room Shoes, Inc.*,
2025 WL 1085169 (N.D. Cal. Apr. 4, 2025) .......... 7

*In re Toys R Us, Inc., Priv. Litig.*,
2001 WL 34517252 (N.D. Cal. Oct. 9, 2001).......... 7

*Von Grabe v. Sprint PCS*,
312 F. Supp. 2d 1285 (S.D. Cal. 2003) .......... 2

*Walden v. Fiore*,
571 U.S. 277 (2014) .......... 3, 4

*Yahoo! Inc. v. La Ligue Contre Le Racisme*,
433 F.3d 1199 (9th Cir.2006).......... 3

**Statutes**

18 U.S.C. § 2511(2)(d).......... 6, 8

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## I. INTRODUCTION

Plaintiffs Valetta McEntyre and Gayla Schnitzer's (collectively, "Plaintiffs") Opposition confirms what Albany Med Health System ("Albany Med") demonstrated in its Motion to Dismiss (the "Motion"): this Court lacks personal jurisdiction over Albany Med, and each claim fails as a matter of law. Unable to identify any forum-directed conduct by Albany Med—or any plausible connection between their claims and California—Plaintiffs rely on assumptions about Google's California-based infrastructure not pled in the First Amended Complaint ("FAC") nor supported by evidence. That is not enough to support personal jurisdiction, and in fact binding precedent forecloses the exercise of jurisdiction based on such random, fortuitous, or attenuated contacts, particularly where, as here, Plaintiffs are New York residents suing a New York health system.

Plaintiffs' remaining arguments fare no better. Their federal Wiretap Act claim is barred by the statute's one-party consent exception, and Plaintiffs identify no separate unlawful purpose sufficient to invoke the crime-tort exception. Their negligence and G.B.L. § 349 claims fail for lack of harm, resting instead on speculative risks. Plaintiffs' breach of contract claim collapses because they do not allege consideration and their unjust enrichment claim cannot stand alone. Because Plaintiffs have not established personal jurisdiction and have not stated a viable claim under any theory, Albany Med respectfully requests that the Court dismiss the FAC in its entirety.

## II. LAW AND ARGUMENT

### A. Plaintiffs Have Not Established Specific Personal Jurisdiction.

#### *i. Plaintiffs Cannot Show 'Purposeful Direction.'*

Plaintiffs bear the burden of establishing specific personal jurisdiction, and their Opposition confirms they cannot meet it. The first prong of the three-part test for specific personal jurisdiction requires that "[t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). In the internet age, "'something more' than mere passive nationwide accessibility [is] required to show express aiming at the forum state." *Briskin v. Shopify, Inc.*, 135 F.4th 739, 752

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

(9th Cir. 2025). In *Briskin*, the "something more" was defendant's alleged acts of "obtain[ing] valuable personal data about California consumers for its own commercial gain," and "collection, maintenance, and sale of valuable personal data from California consumers, like [plaintiff]." *Id.* at 756. "In determining whether a nonresident defendant has done 'something more,'" the Ninth Circuit considers "several factors, including the interactivity of the defendant's website… the geographic scope of the defendant's commercial ambitions… and whether the defendant 'individually targeted' a plaintiff known to be a forum resident." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011) (citations omitted).

Plaintiffs did not, and indeed cannot, point to any of these factors to suggest Albany Med has done "something more" because Albany Med does not have commercial activities or contacts in California and has not individually targeted any individual on the basis of their California residency. Decl. of Matthew Markham, ¶¶ 4, 7. Instead, Plaintiffs reach for the assumption that Albany Med's use of Google Analytics "caused users' communications to be routed into Google's infrastructure, which Albany Med knew to be centered in California." Opp. at 4–5.

This random and fortuitous connection to California does not rise to the level of "something more" for several reasons. First, the FAC contains no allegation that Google's infrastructure, much less any servers through which Google receives Google Analytics data, are located in California. *See* Compl. ¶ 8 (alleging Albany Med "contract[ed] with California-based technology companies" "to deploy Google Analytics on AlbanyMed.org" without any further details of Google's infrastructure or locations of its headquarters or servers). Accordingly, Plaintiffs' argument that California is "the locus of the challenged interception, processing, and exploitation itself," Opp. at 6, is neither supported by factual allegations in the FAC nor by admissible documentary evidence. *See Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1297 (S.D. Cal. 2003) ("To establish a prima facie case, the plaintiff must produce admissible documentary evidence containing facts sufficient to support a finding of personal jurisdiction.").

Second, Plaintiffs cite no caselaw establishing that "procurement" of a California-based company provides a "basis for the exercise of specific personal jurisdiction." Opp. at 6. To the contrary, the "'minimum contacts' analysis looks to the defendant's contacts with the forum State

itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). "To be sure, a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties. But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id.* at 286.

Likewise, "[t]he bare fact that [defendant] contracted with a California distributor" in order to bring an allegedly injurious prescription drug to market "is not enough to establish personal jurisdiction in the State." *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.,* 582 U.S. 255, 268 (2017). Plaintiffs claim the present case is "fundamentally different" from *Bristol-Myers* because here, "Plaintiffs allege that their claims arise from Albany Med's California forum-directed conduct—namely, its procurement of Google, a California company, through a contract governed by California law, and the subsequent intentional transmission of Plaintiffs' communications containing PHI into California for interception, processing, and commercial exploitation." Opp. at 7. But Plaintiffs fail to explain how the "procurement" of Google is any different from Bristol-Myers's "procurement" of a California-based distributor for its prescription drug. Accordingly, as in *Bristol-Myers*, "[t]he bare fact that [defendant] contracted with a California [company] is not enough to establish personal jurisdiction in the State." 582 U.S. at 268.

Third, the question of "purposeful direction" "focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1206 (9th Cir.2006). There is no plausible argument that Plaintiffs felt Albany Med's actions in California. Plaintiffs claim that their New York-residency is immaterial because "personal jurisdiction turns on the defendant's contacts with the forum, not the plaintiff's domicile." Opp. at 5 (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). But *Keeton* concerned personal jurisdiction over a defendant magazine publisher in a libel action, where the injury occurs "wherever the offending material is circulated." *Id.* at 777. To the contrary, in the present case, Plaintiffs premise their claims on a privacy injury and make no allegation that their injury was felt in California. In short, Plaintiffs' Google-centric theory cannot substitute for allegations of Albany Med's own forum-directed conduct. Plaintiffs fail to satisfy the purposeful-direction requirement.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

***ii. Plaintiffs' Claims Do Not 'Arise Out Of' Forum-Related Contacts.***

Plaintiffs' "arising out of" argument fails for the same reasons. First, Plaintiffs' argument that "the interception, transmission, and commercial use of their communications" was "carried out through Google's California-based infrastructure, where the data was received, processed, and monetized," Opp. at 6, was neither pled in their FAC nor supported by evidence. Even if these facts were properly established, Plaintiffs' claims do not arise out of Albany Med's contacts with the forum state. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("The relationship must arise out of contacts that the 'defendant himself' creates with the forum State" rather than "contacts between the plaintiff (or third parties) and the forum State.").

Here, Plaintiffs' New York residency is also material. Because Plaintiffs are not California residents, Plaintiffs' claims do not arise out of the 0.06% of Albany Med's inpatient and outpatient population and 0.03% of its telehealth population with California residential addresses, Markham Decl., ¶¶ 5, 6, despite Plaintiffs' argument that "Albany Med admits it provides telehealth services to California patients, confirming its deliberate engagement with this forum." Opp. at 5; *see Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 931 n.6 (2011) ("even regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales."). Because Plaintiffs' claims arise from their own interactions with a New York health system in New York, they do not arise out of Albany Med's contacts with California.

***iii. Jurisdiction Would Not Comport with Fair Play and Substantial Justice.***

To argue that jurisdiction over Albany Med comports with traditional notions of fair play and substantial justice, Plaintiffs repeat their refrain that Albany Med "knowingly utilized California-based infrastructure as part of its business operations." Opp. at 7. As explained above, "[d]ue process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden v. Fiore*, 571 U.S. 277, 286 (2014).

Plaintiffs next suggest that because "a precise percentage" of Albany Med's patients have a California residential address, it is "neither unfair nor unexpected" for Albany Med to litigate in California. Plaintiffs contend that this minuscule percentage (0.06% of Albany Med's inpatient and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

outpatient population and 0.03% of its telehealth population) indicates that "Albany Med's activities are not wholly outside of California." Opp. at 8. Plaintiffs do not allege Albany Med has any operations, facilities, or employees in California. Albany Med does not target advertisements to individuals based on their California address. Markham Decl., ¶ 7. But Albany Med does not refuse medical care to patients merely because they list California or any other state as their residential address. That Albany Med abides by the fundamental principles of medical ethics does not make it fair or expected for Albany Med to be haled into court in a state where it has no operations, particularly where Plaintiffs are not even residents of the forum state.

Plaintiffs' last argument is that exercising jurisdiction in California promotes judicial economy because the issues and underlying technologies in this case are being litigated in this district. This is no surprise, as this case is one of hundreds of cases seeking to litigate website owners' use of Google Analytics, many of which have been brought in the district courts of New York. *See J.C. v. Cath. Health Sys. Inc.*, No. 1:23-CV-00796(JLS)(JJM) (W.D.N.Y.); *Cooper v. Mount Sinai Health Sys., Inc.*, No. 23 Civ. 9485 (PAE) (S.D.N.Y.); *Gay v. Garnet Health*, No. 23-CV-06950 (S.D.N.Y.); *Pattison v. Teladoc Health, Inc.*, No. 23-CV-11305 (S.D.N.Y.); *Camm et al v. Reach Financial, LLC,* No. 25 Civ. 1921 (KPF) (S.D.N.Y.).

Plaintiffs omit analysis of the remaining factors in the Ninth Circuit's balancing test, including the extent of conflict with the sovereignty of the defendant's state, the forum state's interest in adjudicating the dispute, the importance of the forum to the plaintiff's interest in convenient and effective relief, and the existence of an alternative forum. *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1096 (9th Cir. 2023). There is no dispute that these factors weigh in favor of a finding that jurisdiction is unreasonable: Plaintiffs bring claims under a New York state statute and not California law; California's interest in litigation involving New York Plaintiffs' claims against a New York entity is minimal; and the Northern District of New York—where Plaintiffs and Albany Med reside and where Plaintiffs presumably accessed the Website—is an alternative forum. Perhaps most compellingly, there is no importance or convenience to Plaintiffs in litigating in California. Only Plaintiffs' counsel, not Plaintiffs themselves, are convenienced by litigating in this Court. Exercising jurisdiction here would stretch due process beyond its limits,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

forcing a New York health system to litigate New York claims brought by New York plaintiffs in a forum with no meaningful connection to the dispute.

**B. <u>Plaintiffs' Federal Wiretap Act Claim Fails (Count II).</u>**

***i. Plaintiffs Cannot Show 'Purposeful Direction.***

Plaintiffs do not dispute that under the federal Wiretap Act's one-party consent exception, it is not a violation of the Wiretap Act to "intercept ... [an] electronic communication where such person is a party to the communication," 18 U.S.C. § 2511(2)(d), and instead argue that the crime-tort exception applies because Albany Med violated the Wiretap Act "in order to disclose and exploit protected health information without authorization." Opp. at 9-10.

This is not enough to invoke the crime-tort exception. As the Northern District of California has explained, neither violating HIPAA nor the "collection of personal information (without consent or compensation)" constitutes a separate unlawful or tortious purpose. *Doe v. Kaiser Found. Health Plan, Inc.*, 2024 WL 1589982, at *10 (N.D. Cal. Apr. 11, 2024). There is no "tortious purpose" in collection of information where "[t]he apparent purpose" of defendant's alleged installation of code on its website allowing third parties to intercept plaintiff's activity on the website "was to use the information collected for market research and consumer analysis solely for the benefit of [defendant] in better reaching and serving its patients." *Id.* Despite their attempt to distinguish, Plaintiffs' allegations are identical. As explained in their Opposition, Plaintiffs allege Albany Med acted "in violation of HIPAA's criminal provisions" and "for downstream commercial exploitation." Opp. at 10. Violation of HIPAA is not a separate unlawful purpose because "the act of interception itself cannot be the crime or the tort." *Kaiser Found. Health Plan, Inc.*, 2024 WL 1589982, at *10. Neither is "commercial exploitation;" because the crime-tort exception "is inapplicable where the defendant's primary motivation was to make money, not to injure plaintiffs tortiously." *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 797 (N.D. Cal. 2022); *Lakes v. Ubisoft, Inc.*, 777 F. Supp. 3d 1047, 1058 (N.D. Cal. 2025) (where the purpose of the interception was not "to perpetuate torts on millions of Internet users, but to make money," the crime-tort exception to the party-exception is not satisfied); *see also Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 945 (N.D. Cal. 2023) (same). Plaintiffs cite no cases for the proposition that

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

"commercial exploitation of protected health information" constitutes a separate unlawful purpose for purposes of invoking the crime-tort exception. Opp. at 10. And, whether Google had any unlawful purpose is irrelevant to whether the crime-tort exception applies to Albany Med. *See Kaiser Found. Health Plan, Inc.*, 2024 WL 1589982, at *10 (distinguishing from a case where "the issue… was whether the party who intercepted the communications had a tortious purpose" rather than the issue of whether the website owner—who allowed another company to intercept the plaintiffs' communications with the websites—had a tortious purpose). Because the one-party consent exception squarely applies and Plaintiffs allege no independent unlawful or tortious purpose by Albany Med, their Wiretap Act claim fails as a matter of law.

#### ***ii. There Is No Wiretap Act Liability for "Procurement."***

There is no cause of action under the Wiretap Act for procuring a third party to intercept Plaintiffs' information. *In re Toys R Us, Inc., Priv. Litig.*, 2001 WL 34517252, at *7 (N.D. Cal. Oct. 9, 2001) (The Wiretap Act "does not provide a cause of action against aiders and abettors, and, accordingly… plaintiffs may not proceed [] on such theory."). Plaintiffs claim that "courts are divided on whether the 1986 amendment actually eliminates civil liability for procurement," and proceeds to cite two out-of-circuit cases which distinguish between "procurement" and "aiding and abetting." Opp. at 11-12. On the other hand, California's federal district courts do not recognize this distinction, and instead routinely hold that "defendants cannot be liable under section 2520 for 'procuring' an interception." *Smith v. Rack Room Shoes, Inc.*, 2025 WL 1085169, at *7 (N.D. Cal. Apr. 4, 2025); *Herzer v. Redstone*, 2018 WL 5094933, at *7 (C.D. Cal. July 10, 2018). In the Ninth Circuit, there is no private right of action for procuring a third party to violate the Wiretap Act.

Plaintiffs argue that they "also allege that Albany Med independently violated § 2511(1)(c) by disclosing the contents of Plaintiffs' electronic communications to Google." Opp. at 12. Section 2511(1)(c) makes it a violation to intentionally disclose a communication which "was obtained through the interception of a wire, oral, or electronic communication **in violation of this subsection**." (emphasis added). Again, the one-party consent exception applies. Because Albany Med was a party to the alleged communications and consented to any alleged interception, it was not unlawful for either Albany Med nor Google to intercept any communications and therefore,

any contents allegedly disclosed were not obtained in violation of the Wiretap Act. *See* 18 U.S.C. § 2511(2)(d) (no violation from interception of a communication "where one of the parties to the communication has given prior consent to such interception.").

### C. Negligence and G.B.L. Claims § 349 Fail for Lack of Injury (Counts II & III).

Plaintiffs' negligence and G.B.L. § 349 claims fail because Plaintiffs allege no cognizable injury. To attempt to manufacture a "benefit of the bargain" injury, Plaintiffs argue they "stated actual harm" by alleging they "would not have been willing to pay the same amount, or to use Albany Med's services at all, had they known Albany Med's privacy representations were false." Opp. at 13. However, neither Plaintiff alleges she saw any deceptive statement by Albany Med regarding Website privacy on which she relied in deciding to use Albany Med's services. And Plaintiffs also do not allege that they paid anything for Albany Med's public Website. Instead, Plaintiffs' claim is a bare one for alleged deception as to the public at large, without stating any injury as to themselves personally. This is insufficient to state a G.B.L. § 349 claim. *See Goshen v. Mutual Life Ins. Co.*, 98 N.Y.2d 314, 326 (2002) (holding "The origin of any advertising or promotional conduct is irrelevant if the deception itself—that is, the advertisement or promotional package—did not result in a transaction in which the consumer was harmed."); *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 55–57 (1999) (causation requires a "connection between the misrepresentation and any harm from, or failure of, the product," mandating "proof that 'a material deceptive act or practice caused actual, although not necessarily pecuniary, harm'").

Plaintiffs next claim that the economic loss rule does not apply because they allege "risk of embarrassment" and "risk of identity theft." Opp. at 14. However, injuries from risk of future harm are "too speculative" in tracking technology litigation because "this is not a case involving, say, hackers, and it is not a case about the theft of, say, social security or credit card numbers." *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d 767, 784 (N.D. Cal. 2019); *see also R.C. v. Walgreen Co.,* 733 F. Supp. 3d 876, 899 (C.D. Cal. 2024) (risk of future harm is "too speculative to satisfy the damages element of a negligence claim under California law").

Finally, Plaintiffs argue that because "the statutory protection afforded to medical information is rooted in common law duties… it is plausible a common law exception to the rule

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

also applies," without explaining any such exception. Opp. at 14–15. Regardless, no injury based on "the duty not to publicly disclose private facts," *id.,* can exclude application of the economic loss rule because a privacy harm cannot sustain a negligence claim. *See R.C.*, 733 F. Supp. 3d at 897–98 (although plaintiff alleged "loss of privacy," negligence claim was dismissed for lack of damages). Absent any non-speculative injury, Plaintiffs' negligence and G.B.L. § 349 claims fail.

### D. <u>Plaintiffs Have Not Alleged the Formation of any Contract (Count IV).</u>

In their Opposition, Plaintiffs attempt to recast their breach of contract claim as one based on the Website's cookie banner. Opp at 15. While Plaintiffs allege that "users" are presented with the cookie banner, FAC ¶ 17, Plaintiffs never allege they themselves read or saw it. *See Doe v. Regents of Univ. of California*, 672 F. Supp. 3d 813, 821 (N.D. Cal. 2023) (privacy policy will only "form the basis for a breach of express contract claim" if plaintiff alleges "that she was required to read or agree to either of the documents."). Moreover, Plaintiffs do not plead the specific provisions in the contract creating the obligation Albany Med breached. *See In re Facebook Internet Tracking Litig.*, 263 F. Supp. 3d 836, 848 (N.D. Cal. 2017) (no breach of contract claim where plaintiffs fail to identify terms of the agreement that imposed a duty not to engage in tracking activity).

Plaintiffs' Opposition omits any explanation of how the alleged promises were supported by consideration, a required element of contract formation. *See D'Antonio v. Smith & Wesson Inc.*, No. 25-CV-03085-PCP, 2026 WL 446310, at *7 (N.D. Cal. Feb. 17, 2026). In *D'Antonio*, the court found there was no consideration, and therefore no contract, despite plaintiffs' allegations that optional cookies were deployed after they selected "decline" on a cookie banner because "plaintiffs do not allege that they 'bargained' for less tracking as opposed to having merely indicated their preference for less tracking. To the contrary, plaintiffs would have received the same access to Smith & Wesson's website whether or not they consented to additional cookies." *Id.* The same is true here. Plaintiffs received identical access to Albany Med's free website regardless of whether they read the cookie banner or the privacy policy or assented to its terms. They did not pay to browse the site or surrender a legal right; nor did they explain "that the benefit [they] conferred on [Albany Med] induced [Albany Med's] promise." *D'Antonio*, 2026 WL 446310, at *7. Without assent and consideration, Plaintiffs' contract claim must be dismissed.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**E. Plaintiffs' Unjust Enrichment Claim Fails (Count V).**

None of the cases cited by Plaintiffs allow Plaintiffs to bring an unjust enrichment claim as a standalone action. "Under California law, unjust enrichment is 'synonymous with restitution' and describes 'the theory underlying a claim that a defendant has been unjustly conferred a benefit through mistake, fraud, coercion, or request.'" *Doe I v. Google LLC*, 741 F. Supp. 3d 828 (N.D. Cal. 2024) (citing *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 762 (9th Cir. 2015)). "[B]ecause the plaintiffs have not stated a claim against [defendant] for any unlawful conduct, they have also failed to state an unjust enrichment claim." *Id.*

Plaintiffs cite *Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1055 (S.D. Cal. 2023), for the proposition that an unjust enrichment claim is viable where plaintiff alleged a benefit conferred through the use and dissemination of personal information. Opp. at 17. But in *Greenley*, the court held plaintiffs had alleged an injury in fact sufficient to confer standing. As to the unjust enrichment claim, the court determined unjust enrichment "is not a stand-alone cause of action" and dismissed accordingly. 684 F. Supp. 3d at 1055. And in *In re Google Assistant Priv. Litig.*, 546 F. Supp. 3d 945 (N.D. Cal. 2021), cited by Plaintiffs for the same proposition, the court did not allow plaintiffs to move forward with a cause of action for unjust enrichment but instead recognized the profits Google had obtained "resulting from its sharing of private conversations" as unjust enrichment sufficient to "satisfy the 'damages' element of a breach of contract claim." *Id.* at 967. Having failed to state any viable underlying claim, Plaintiffs' unjust enrichment claim necessarily fails as well.

## III. CONCLUSION

For the foregoing reasons, Albany Med respectfully requests that the Court grant its Motion and dismiss all of Plaintiffs' claims against Albany Med.

Dated: April 17, 2026

**BAKER & HOSTETLER LLP**

By: */s/ Raymond O. Aghaian*
RAYMOND O. AGHAIAN

*Attorneys for Defendant,*
ALBANY MED HEALTH SYSTEM